# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-3842

———————

Nellie Y. Smith,

        Appellant,

v.

Larry G. Massanari,[1] Acting
Commissioner of Social Security,

        Appellee.

\*    Appeal from the United States
\*    District Court for the
\*    Western District of Missouri.
\*
\*    **[UNPUBLISHED]**

———————

Submitted: July 5, 2001
Filed: July 9, 2001

———————

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

———————

PER CURIAM.

Nellie Y. Smith appeals the district court's[2] order affirming the Commissioner's decision to deny her supplemental security income benefits. Smith alleges disability since February 1996 from hip, leg, and head injuries sustained in a fall, plus anxiety and

---

[1]Larry G. Massanari is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c)(2).

[2]The HONORABLE ROBERT E. LARSEN, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

depression. After a hearing, the administrative law judge found that Smith was not disabled based on the Medical-Vocational Guidelines (Grids) because, absent her drug and alcohol abuse, she has the physical residual functional capacity (RFC) to perform the full range of sedentary work and the mental RFC to perform unskilled work. Smith sought judicial review, and the district court in a thorough opinion concluded that the ALJ's decision is supported by substantial evidence on the administrative record viewed as a whole.

Having carefully reviewed the record, we affirm. See Rehder v. Apfel, 205 F.3d 1056, 1059 (8th Cir. 2000) (standard of review). The ALJ properly applied the regulations regarding drug addiction and alcoholism and properly placed on Smith the burden of proving that her substance abuse is not a contributing factor material to disability. See 20 C.F.R. § 416.935(b); Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000). Substantial evidence supports the ALJ's findings that Smith's mental and physical impairments are not disabling absent her drug and alcohol abuse. The ALJ did not improperly discount the opinion of a treating physician, ignore Smith's reliance on low ratings on the global-assessment-of-functioning scale in February and September 1996, nor improperly use the Grids. See 20 C.F.R. § 416.969a(b) (when impairment and related symptoms, such as pain, impose only exertional limitations and claimant's specific vocational profile is listed, Grids will be applied to determine disability status).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.