# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1870

_____

Debra M. Estes,                           *
                                          *
          Appellant,                      *
                                          *    Appeal from the United States
     v.                                   *    District Court for the
                                          *    District of Nebraska
Jo Anne B. Barnhart, Commissioner         *
of Social Security,[1]                    *
                                          *
          Appellee.                       *

_____

Submitted: November 16, 2001

Filed: January 4, 2002

_____

Before LOKEN, LAY, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Debra M. Estes appeals the order of the district court[2] affirming the Commissioner's denial of her application for disability insurance benefits under 42 U.S.C. § 401, et seq., and supplemental security income benefits under 42 U.S.C.

_____

[1]Jo Anne B. Barnhart is substituted for former Commissioner of Social Security Kenneth S. Apfel as appellee in this action pursuant to Fed. R. App. P. 43(c).

[2]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

§ 405(g).  On August 20, 1997, Estes applied for benefits alleging disability from October 1, 1996 onward. She claimed disabling conditions consisting of personality disorder, dissociative identity disorder (also known as multiple personality disorder), panic attacks with agoraphobia, and alcohol addiction.  The administrative law judge (ALJ) determined that if Estes stopped using alcohol, she would not be disabled and thus denied her application for benefits.  After a careful review of the record, we affirm.

We must affirm the decision of the ALJ if it is supported by substantial evidence in the record as a whole. "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion."  Johnson v. Apfel, 240 F.3d 1145, 1147 (8th Cir. 2001) (citations omitted). The ALJ is in the best position to gauge the credibility of testimony and is granted deference in that regard.  Id.

The ALJ found that Estes suffered from personality disorder not otherwise specified, dissociative disorder, and panic attacks with agoraphobia.  The ALJ also determined Estes's excessive use of alcohol significantly affected her ability to work, and Estes could perform work if she stopped abusing alcohol.   Substantial medical evidence throughout the record clearly established the interrelation between Estes's claimed disabilities and her abuse of alcohol.

"An individual is not considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C).  Under both 20 C.F.R. § 404.1535 (disability) and 20 C.F.R. § 416.935 (supplemental security income), the relevant inquiry is "whether [the Commissioner] would still find you disabled if you stopped using drugs or alcohol."   Estes carries the burden of proving her substance abuse is not a contributing factor material to the claimed disability. Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000).

Estes relies upon a non-board certified psychologist's claim that he discovered Estes's four alters or personalities while Estes was under hypnosis. This psychologist opined that Estes's disorders, other than alcoholism, rendered her totally disabled. Estes now argues this opinion is supported by the medical evidence and the ALJ and district court ignored that evidence. Estes further argues that if one cannot separate two impairments, one of them alcoholism, a finding of "not material" is required.

The ALJ gave the opinion of Estes's psychologist little weight because "he has not examined the claimant in a controlled setting where her use of alcohol is curtailed for an extended period of time, but has primarily treated her during a period when she was consuming large quantities of Nyquil and mouthwash." The ALJ and the district court relied on extensive medical evidence from treating and consulting physicians, psychologists and psychiatrists who all noted in some fashion or another the contribution of Estes's severe alcohol abuse. None of these other experts reached the same conclusion as Estes's psychologist. The ALJ may reject the opinion of any medical expert where it is inconsistent with the medical record as a whole. Pearsall v. Massanari, ___ F.3d ___, 2001 WL 1631474, at *5 (8th Cir. Dec. 20, 2001). It is the ALJ's function to resolve conflicts among "the various treating and examining physicians." Bentley v. Shalala, 52 F.3d 784, 785, 787 (8th Cir. 1985). See also Pearsall, ___ F.3d at ___, 2001 WL 1631474, at *5.

Evidence before the ALJ demonstrated that Estes could perform work at a number of jobs if she stayed off alcohol. Medical reports showed Estes had a tendency to magnify her illness and complaints. The evidence reflected that when Estes reduced her alcohol use she was able to conduct daily activities and perform certain jobs, confirming the conclusion that Estes's condition improved during periods of sobriety.

Estes further argues her epilepsy, which could cause blackouts, was a disabling condition. However, Estes admits her seizures are controllable with medication. An

-3-

impairment which can be controlled by treatment or medication is not considered disabling. Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).

Estes moved to open the record to include evidence from her recent hospitalization where she contends a second opinion of her multiple personality disorder exists. The new evidence consisted of Estes's hospitalization in a psychiatric facility after the date of the ALJ's decision, and the hospitalization was largely due to overdose attempts. The district court, in refusing the evidence, found that the proposed evidence did not say anything new about Estes's condition "during the relevant time frame."

In order to support a remand, new evidence must be "relevant, and probative of the claimant's condition for the time period for which benefits were denied." Jones v. Callahan, 122 F.3d 1148, 1154 (8th Cir. 1997) (citation omitted). The relevant time period in this case began on October 1, 1996 and ended on March 11, 1999, when the ALJ denied Estes's application for benefits. See 20 C.F.R. §§ 404.620, 416.330. Estes was hospitalized almost seventeen months later, on August 8, 2000. Like the district court, we do not believe that this hospitalization is probative of Estes's condition between October 1, 1996 and March 11, 1999. See Rehder v. Apfel, 205 F.3d 1056, 1061 (8th Cir. 2000) (psychologist's report completed fourteen months after the relevant time period did not warrant remand). We therefore affirm the district court's refusal to remand the case.

The ALJ and the district court both reasonably concluded from the array of medical evidence here that Estes would not be disabled if she stopped using alcohol. We therefore affirm the well-reasoned and thorough opinion of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.