# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3839

_____

Kim L. Williams,                                    *
                                                    *
          Plaintiff-Appellant,                      *
                                                    *    Appeal from the United States
     v.                                             *    District Court for the
                                                    *    Western District of Missouri.
Jo Anne B. Barnhart, Commissioner of                *
Social Security,                                    *         [UNPUBLISHED]
                                                    *
          Defendant-Appellee.                       *

_____

Submitted: September 8, 2003
Filed:   October 6, 2003

_____

Before SMITH, LAY, and BRIGHT, Circuit Judges.

_____

PER CURIAM.

Kim L. Williams sought Social Security disability benefits under Title II, 42 U.S.C. §§ 401 et seq., and Title XVI, 42 U.S.C. §§ 1381 et seq., of the Social Security Act. The Administrative Law Judge (ALJ) denied her claim, the Social Security Appeals Council denied review, and the district court[1] on appeal affirmed the denial of benefits. Williams appealed and we affirm.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Essentially, Williams contends that the ALJ erred in the factual determination that Williams could perform a limited range of light or sedentary work. The parties know the details of the medical evidence in this case, so we present only a summary of Williams' claims and comment on the findings in dispute.

Williams claims that she suffers severe back and neck pain coupled with depression and suicidal thoughts. She argues that her physical limitations and her mental symptoms, such as fatigue and crying spells, support her claim.

Williams' principal complaint on appeal relates to the ALJ's rejection in part of evidence of total disability from Williams' treating psychiatrist. The ALJ carefully evaluated this evidence but determined that it did not establish Williams' disability. Following the standard five-step procedure, 20 C.F.R. § 404.1520, the ALJ found that Williams had severe impairments, but not an impairment equal to a listed condition. The ALJ found further that Williams could not return to her past work, but would not be prevented from performing other work existing in substantial numbers in the national economy. Consequently, the ALJ found the plaintiff was not disabled.

The ALJ considered the report of Williams' treating physician but gave it little weight. The report contained internal inconsistencies, offered only conclusory results, and was contradicted by other substantial medical evidence in the record, which indicated that Williams did not qualify as totally disabled.

On review, the district court held that substantial evidence in the record supported the ALJ's decision to deny benefits. See Estes v. Barnhart, 275 F.3d 722, 724 (8th Cir. 2002) (standard of review). After a de novo review of the record, see Hensley v. Barnhart, 334 F.3d 768, 769 (8th Cir. 2003), we agree with the district court.

We do comment on one matter in the record relating to credibility. Williams participated in so-called "Big Book" meetings of Alcoholics Anonymous (AA) and Narcotics Anonymous (NA) several times each week. The ALJ's written decision and the supporting brief imply that Williams' attendance at these meetings undermined the credibility of her testimony relating to her alleged inability to socialize effectively. While the record makes it obvious in this case that the ALJ's comment did not affect the outcome, we observe that a claimant's efforts to remain drug- and alcohol-free weigh <u>in favor</u> of a claimant's credibility, not against it.

Affirmed.

_____