**Carol MARTIN, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. 3:02–CV–90162.**

United States District Court, S.D. Iowa, Davenport Division.

April 29, 2004.

Mary K. Hoefer, Mears Law Office, Iowa City, IA, for Plaintiff.

William C. Purdy, United States Attorney, Des Moines, IA, for Defendant.

## ORDER

PRATT, District Judge.

Before the Court is Defendant's resisted Motion To Alter or Amend Pursuant To Federal Rule Of Civil Procedure 59(e). The Commissioner objects to the Court's finding that Plaintiff is entitled to benefits as of her 50th birthday, because the birthday occurred more than a year after the ALJ's decision. In support of that argument, the commissioner cites *Estes v. Barnhart*, 275 F.3d 722 (8th Cir.2002). In support of her resistance, Plaintiff cites *McKinney v. Apfel*, 228 F.3d 860 (8th Cir. 2000). Having again reviewed the record of this case, and the cases cited by the parties, the Court finds itself in agreement with Defendant.

In *Estes v. Barnhart*, 275 F.3d at 725, the Court addressed a claimant's motion to open the record to include evidence from a recent hospitalization. In denying the motion, the Court wrote:

In order to support a remand, new evidence must be "relevant, and probative of the claimant's condition for the time period for which benefits were denied." *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir.1997) (citation omitted). The relevant time period in this case began on October 1, 1996 and ended on March 11, 1999, when the ALJ denied Estes's application for benefits. *See* 20 C.F.R. §§ 404.620, 416.330. Estes was hospitalized almost seventeen months later, on August 8, 2000. Like the district court, we do not believe that this hospitalization is probative of Estes's condition between October 1, 1996 and March 11, 1999. *See Rehder v. Apfel*, 205 F.3d 1056, 1061 (8th Cir.2000) (psychologist's report completed fourteen months after the relevant time period did not warrant remand.) We therefore affirm the district court's refusal to remand the case.

In the case of *McKinney v. Apfel*, on the other hand, it was the Commissioner who determined that McKinney was entitled to benefits as of the date on which he achieved an age which qualified him for disability benefits. That finding was affirmed.

In the case at bar, Plaintiff's 50th birthday took place more than a year after the ALJ's decision which is the end of the relevant time period. In the decision of April 8, 2004, this Court held that substantial evidence on the record as a whole supported the ALJ's finding that Plaintiff is limited to sedentary work. Although this Court held that the vocational expert's testimony on the issue of transferably of skills was not supported by substantial evidence, the vocational expert also testi-

fied that unskilled sedentary work exists which Plaintiff can perform. During the relevant time period that is covered by the administrative record, therefore, Plaintiff is not entitled to a finding of disability. The Commissioner properly and appropriately cites the Court to *Benskin v. Bowen,* 830 F.2d 878, 882, (8th Cir.1987) in which the Court of Appeals stated: to "engage in fact-finding in a social-security case is not within the province of a federal court" In retrospect it is obvious that this Court engaged in fact-finding rather than limiting itself to a review of the administrative record. In doing so the Court committed error.

The Motion To Alter or Amend is granted. The Court's order of April 8, 2004, is hereby withdrawn. The final decision of the Commissioner is affirmed. The case is dismissed. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.