# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1085

_____

Rebecca A. Lopez,              *
                                  *
        Appellant,        *
                                  *   Appeal from the United States
    v.                     *   District Court for the
                                  *   Southern District of Iowa.
Jo Anne B. Barnhart, Commissioner  *
of Social Security Administration,    *       [UNPUBLISHED]
                                  *
        Appellee.         *

_____

Submitted:  June 17, 2004
Filed:  August 31, 2004

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Rebecca Lopez appeals the decision of the District Court[1] affirming the denial of social security disability benefits. She sought disability insurance benefits based on degenerative-disc disease, fibromyalgia, narcolepsy, and sleep apnea. We review a district court's decision upholding the denial of social security benefits de novo, Lauer v. Apfel, 245 F.3d 700, 702 (8th Cir. 2001), but our review of the Social Security Commissioner's final decision is deferential; we review that decision only

_____

[1] The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

to ensure that it is supported by "substantial evidence in the record as a whole," Estes v. Barnhart, 275 F.3d 722, 724 (8th Cir. 2002). In the District Court and on appeal, Lopez urges that the ALJ erred by not crediting the opinion of her treating physician, Dr. Mahadevia, who considered her to be disabled. We agree that the decision of the ALJ is supported by substantial evidence and affirm.

In this case, Lopez points to a letter from Dr. Mahadevia attesting to the substantial limitations her conditions imposed on her and to the doctor's assessment of her residual functional capacity as supporting her disability claim. Although the opinion of a treating physician is normally entitled to deference, an ALJ need not defer to such an opinion when it is not internally consistent or is not supported by acceptable clinical or diagnostic data. Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)). The ALJ determined, and we agree, that Dr. Mahadevia's letter and residual functional capacity assessment are not internally consistent. The objective medical evidence in the record strongly suggests that Lopez's condition improved significantly with treatment and suggests that her daytime sleepiness was well controlled with Ritalin. In short, the record supports the ALJ's assessment that Lopez could return to her previous employment. See Patient Notes of Dr. Mahadevia (Sept. 1, 2000) ("She is doing remarkably well. She is sleeping well, and she feels well rested . . . she is markedly improved."); Patient Notes of Dr. Mahadevia (Feb. 13, 2001) ("She is doing remarkably well. She is much more energetic. Her hypersomnolence is markedly improved except later in the day when she feels much better."); Patient Notes of Dr. Mahadevia (Mar. 20, 2001) ("She seems to be doing reasonably well. . . . does often have excessive daytime sleepiness, but with Ritalin she is well controlled."); Patient Notes of Dr. Mahadevia (Oct. 23, 2001) ("She seems to be progressively improving . . ."); Patient Notes of Dr. Madaveia (Mar. 22 2002) ("With nasal CPAP therapy and Ritalin, she is doing remarkably well . . . . her daytime sleepiness is under control."). Other medical evidence also reinforces the ALJ's conclusion. Dr. Dvorak, who performed surgery on Lopez to alleviate her sleep apnea reported that Lopez was

"very pleased she had the surgery.  She reports she's breathing much better through her nose and sleeping much better.  She is starting to have dreams again and is actually losing weight since she's felt so much better."  Dr. Dvorak Letter (Feb. 3, 2000).  Moreover, even the letter that Lopez points to tends to undermine her position.  In that letter, Dr. Mahadevia notes that "she has been doing reasonably well" and, with regards to her excessive daytime sleepiness, "she has done clinically reasonably well with Ritalin."  Letter of Dr. Mahadevia (Dec. 10, 2002).  While Dr. Mahadevia noted that Lopez "will continue to have off and on episodes of fatigue, excessive daytime sleepiness, and cataplexy," id., this prognosis does not entirely square with his own patient notes and with the other objective medical evidence.  Accordingly, the District Court did not err when it determined that the ALJ's decision was supported by substantial evidence.

The judgment of the District Court is affirmed.  See 8th Cir. R. 47B.

_____