# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2610

_____

Jesse L. Thomas,                              *
                                              *
    Plaintiff/Appellant,              *
                                              *    Appeal from the United States
                                              *    District Court for the Eastern
                                              *    District of Arkansas
Jo Anne B. Barnhart,                          *    [UNPUBLISHED]
                                              *
    Defendant/Appellee.               *
                                              *

_____

Submitted: February 16, 2005
Filed:   March 18, 2005

_____

Before WOLLMAN, HANSEN, BENTON, Circuit Judges.

_____

PER CURIAM.

Jessie L. Thomas sought supplemental security income and disability insurance benefits, alleging he was disabled due to back and knee injuries. After a hearing, the administrative law judge concluded that while Thomas could not return to work as a laborer, he retained the residual functional capacity to perform light exertional work. The Appeals Council denied further review. The district court affirmed.[1] This court reviews whether the ALJ's decision is supported by substantial evidence. *See*

_____

[1] The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

42 U.S.C. § 405(g); *Keller v. Shalala*, 26 F.3d 856, 858 (8th Cir. 1994). Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

First, Thomas argues that the ALJ erred in giving greater weight to the opinion of a consulting physician, than to the conclusion of his treating physician. The opinion of a treating physician is ordinarily entitled to greater weight than the opinion of a consulting physician. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989). However, a treating physician's opinion must be supported by credible and persuasive evidence. *See* 20 C.F.R. § 404.1527(d)(2). An ALJ may reject the opinion of any medical expert that is inconsistent with the medical record as a whole. *See Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 1989).

Here, the ALJ concluded that the treating physician's clinical findings and opinions were inconsistent with the objective medical evidence in the record. Specifically, the ALJ found that the treating physician's conservative treatment was inconsistent with Thomas's allegations of disabling pain. *See Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Thomas emphasizes that an MRI showed some degenerative changes and that a CT scan showed an incomplete tear in the outer ring of a spinal disc. The consulting physician acknowledged some disk degeneration, but stated that Thomas is capable of working. The consulting physician observed that Thomas had normal reflexes, free range of motion in his back without pain or restriction, and "preserved" heel-to-toe gait and walk without a limp. The ALJ gave greater weight to the opinion of the consulting physician, a board certified neurosurgeon with greater expertise in Thomas's type of injuries. Greater weight is generally given to the opinion of a specialist about medical issues in the area of specialty, than to the opinion of a non-specialist. *See* 20 CFR §§ 404.1527(d)(5); 416.927(d)(5) (2003); 29 F.3d 428, 432 (8th Cir. 1994); *see also Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1993). This court finds that the ALJ's rejection of the treating doctor's opinion and reliance on the consulting physician's opinion are supported by substantial evidence.

Second, Thomas alleges that the ALJ erred in discrediting his subjective complaints of pain. The ALJ, in the best position to gauge the credibility of testimony, is granted deference. *See Estes*, 275 F.3d at 724. Subjective complaints may be discredited if inconsistent with the evidence as a whole. *See Sullins v. Shalala*, 25 F.3d 601, 603 (8th Cir. 1994). The ALJ must fully consider all evidence relating to subjective complaints , including the claimant's prior work record, and observations by third parties and treating and examining physicians. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

In the instant case, the ALJ concluded that Thomas's complaints were not supported by the objective medical evidence in the record. The ALJ found that the lack of medical evidence supporting his allegations, the type of medications taken, the lack of more aggressive treatment, his poor work record, and his functional capabilities precluded a finding of disability. *See Thomas v. Sullivan*, 928 F.2d 255, 259-60 (8th Cir. 1991). The ALJ's credibility determination is supported by substantial evidence.

Finally, Thomas contends that the ALJ failed to include all his subjective impairments in the hypothetical question posed to the vocational expert. Specifically, Thomas asserts that the ALJ failed to include the following restrictions: (1) no standing after 45 minutes; (2) no prolonged standing or sitting; (3) no repetitive bending; (4) occasionally capable of carrying objects weighing no more than 10 pounds; and (5) consistently capable of carrying objects weighing no more than 5 pounds. "[T]estimony from a vocation expert is substantial evidence only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies." *Taylor v. Chater*, 118 F.3d 1274, 1278 (8th Cir. 1997). A hypothetical question, however, need only include impairments that are supported by the record. *See Prosch v. Apfel*, 201 F.3d 1010, 1015 (8th Cir. 2000).

In this case, the hypothetical included the age, education, work record, and – as supported by the record – the lifting, standing, walking, kneeling, and crouching restrictions. The ALJ found that Thomas' claims of disabling impairments were not supported by the record. Thus, the ALJ properly excluded the unsupported impairments from the hypothetical question.

The district court's judgment is affirmed.

_____