# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1483

_____

Sunny Reed

*Plaintiff - Appellant*

v.

Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: January 30, 2019
Filed: February 4, 2019
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and KOBES, Circuit Judges.

_____

PER CURIAM.

Sunny Reed challenges an order of the district court[1] affirming the denial of a period of disability and disability insurance benefits (DIB) under Title II of the Social

_____

[1]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

Security Act. After careful consideration of Reed's arguments for reversal, we agree with the district court that substantial evidence on the record as a whole supports the administrative law judge's (ALJ's) determination that Reed was not entitled to DIB during the relevant period between her date of alleged onset of disability and the date she was last insured under the Act. See Wright v. Colvin, 789 F.3d 847, 852 (8th Cir. 2015) (explaining standard of review).

Specifically, we find that substantial evidence supports the ALJ's determinations that, for the relevant period, Reed's severe impairment did not meet or medically equal any listing, as treatment records showed improvement with medication. See Brown v. Barnhart, 390 F.3d 535, 540 (8th Cir. 2004) (holding that impairment controlled by treatment is not disabling). Further, we find that the ALJ properly discounted the opinions of certain medical experts because they concerned Reed's impairment years after her date last insured, and were inconsistent with the relevant medical and other evidence; and that the ALJ adequately explained his reasons for discounting low global assessment of functioning (GAF) scores assigned to Reed during the relevant period. See Wright, 789 F.3d at 853, 855 (concluding that substantial evidence supported ALJ's decision not to give weight to claimant's GAF score "because GAF scores have no direct correlation to the severity standard used by the Commissioner," and holding that ALJ may grant less weight to treating physician's opinion when it conflicts with other substantial medical evidence in record); Rehder v. Apfel, 205 F.3d 1056, 1061 (8th Cir. 2000) (concluding that non-treating psychologist's report, completed 14 months after relevant time period, was not probative of claimant's condition during relevant period). The judgment is affirmed. See 8th Cir. R. 47B.

_____