# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2517

_____

| | | |
|---|---|---|
| William B. Johnson, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeals from the United States |
| | * | District Court for the District |
| Kenneth S. Apfel, Commissioner | * | of Nebraska |
| of Social Security | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: December 15, 2000
Filed: February 21, 2001

_____

Before McMILLIAN and MURPHY, Circuit Judges, and BOGUE,[1] District Judge.

_____

BOGUE, District Judge.

William Johnson appeals from the District Court's[2] order upholding the decision of the Commissioner of Social Security Administration (SSA) denying Johnson's petition for disability benefits. In his appeal, Johnson alleges the Administrative Law

_____

[1]The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

Judge (ALJ) failed to give sufficient weight to the testimony of his treating physician, failed to give proper weight to the vocational expert's opinion, and improperly determined that Johnson's personal activities demonstrated he was not disabled. We conclude that the ALJ did not err in her decision to deny benefits, accordingly, we affirm.

## I.

Johnson was employed as a pharmacy director at Memorial Hospital of Dodge County for over ten years until his position was eliminated on December 31, 1993. He continued to work at the hospital through January 21, 1994, but he has remained unemployed since April 12, 1995, despite his continued search for new employment. Johnson's duties as the pharmacy director included preparing budgets and supervision of the daily activities of the pharmacy. This position required little contact with the public. Johnson has suffered from anxiety and depression that he claims has become progressively worse over the years, further, he suffers from stuttering. His primary care physician was Dr. John C. Denker who had prescribed him Xanax for the past twelve years to treat his depression and anxiety. Johnson then was referred to a series of psychiatrists including, Dr. Henderson, Dr. Meyer, and finally, Dr. Severa. Dr. Severa placed Johnson on a host of medications which improved his speech problem, depression, and anxiety, but produced side effects such as lethargy and lack of mental acuity.

At the administrative hearing, the ALJ utilized the familiar "five-step sequential evaluation process for determining whether an individual is disabled." Riley v. Shalala, 18 F.3d 619, 621 (8th Cir. 1994). At step one, the ALJ found Johnson had not been gainfully employed since April 12, 1995. The testimony demonstrated that Johnson has met step two's requirement, as he has impairments which limit his ability to work. The ALJ found at step three that Johnson's anxiety, depression, and stuttering did not meet or equal the listed impairments under the Social Security Act. At step four, the

vocational expert testified that Johnson would not be able to return to his past relevant work because of his psychological disorders and speech limitation. The ALJ recognized the fact that Johnson did not lose his job because of his disabilities, rather, his position was eliminated. Further, Johnson held a position for nearly ten years that the vocational expert and the doctors stated he would not be able to perform. The ALJ continued to step five despite the evidence which contradicts Easterday's finding.

The crux of this appeal is the analysis of step five. The vocational expert, Linda Easterday, stated Johnson could fulfill the job requirements of several positions that exist in significant numbers in the local area, but went on to state she believed Johnson could not maintain employment due to his depression. Easterday's reasoning was based upon the theory that if Johnson took an unskilled position, his self esteem would be damaged to the point he could not remain at work. The ALJ rejected this last opinion of the vocational expert and found Johnson was not disabled. Johnson appealed the decision to the district court arguing his treating physician's opinion was not afforded sufficient weight, the vocational expert's opinion was not given controlling weight, and that his daily activities were improperly considered. The district court affirmed the ALJ and Johnson now appeals from that decision. This Court agrees with the district court and affirms the decision based upon the following rational.

## II.

The decision of the ALJ must be affirmed if it is supported by substantial evidence in the record as a whole. Smith v. Shalala, 31 F.3d 715, 717 (8th Cir. 1994). Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion. Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir.1993). The ALJ is in the best position to determine the credibility of the testimony and is granted deference in that regard. Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).

3

## A.

The ALJ received testimony and opinions from Dr. Linda Schechel, Dr. Denkel, Dr. Meyer, and Dr. Severa. Johnson argues that insufficient weight was given to his treating physician, Dr. Severa's, opinion. Johnson began treatment with Dr. Severa after he filed for disability benefits and it is Dr. Severa's opinion that Johnson relies upon to prove his impediments prevent him from attaining and retaining employment. All the doctors agreed that Johnson has difficulty with his speech, but the record revealed that treatment with medication and speech therapy has improved his communication. The ALJ noted that Johnson had no difficulty in communicating during the two hour hearing and did not stutter once throughout the proceeding. The ALJ's personal observations of the claimant's demeanor during the hearing is completely proper in making credibility determinations. Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir. 1993). There was additional testimony that the antidepressant medications had improved Johnson's mental condition, although Dr. Severa stated Johnson failed to strictly follow the prescribed dosage schedule. Thus, it is proper for the ALJ to conclude "[i]mpairments that are controllable or amenable to treatment do not support a finding of total disability." Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999). In addition, "[f]ailure to follow a prescribed course of remedial treatment without good cause is grounds for denying an application of benefits." Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997), quoting, Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).

Dr. Severa stated to Johnson's insurance carrier that he believed Johnson's impairments to be severe, but did not define what he meant by severe. The other physicians' opinions consistently state that Johnson suffers from "moderate impairments." "It is the ALJ's function to resolve conflicts among 'the various treating and examining physicians.'" Bentley v. Shalala, 52 F.3d 784, 787 (8th Cir. 1995). The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole. *Id.* The ALJ

found the severity of Johnson's complaints were inconsistent with his work history, daily activities, doctor's testimony, and personal demeanor at the hearing. We find that the ALJ's decision resolving the conflicting medical testimony is supported by substantial evidence taken from record as a whole.

## B.

The second claim of error is that the ALJ did not accept the whole of the vocational expert's testimony. Easterday opined that Johnson's depression would prevent him from maintaining employment at an inferior position. The ALJ is to consider a claimant's statements, the medical records, prescribed treatment, daily activities, efforts to work, and any evidence demonstrating how his impairments prevent work. 20 C.F.R. § 404.1529 (1999). Johnson testified that he contiued to seek work, that he took care of himself, completed chores around the house, attended social functions, and handled the families finances and investments. These factors in conjunction with the medical testimony led the ALJ to conclude Johnson's impediments were not disabling.

The hypothetical question posed to the vocational expert must "capture the concrete consequences of [the] claimant's deficiencies." Taylor v. Chater, 188 F.3d 1274, 1278 (8th Cir. 1997). Likewise the ALJ may exclude any alleged impairments that she has properly rejected as untrue or unsubstantiated. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997). The ALJ did not find credible Johnson's assertion that his depression would prevent him from holding a job given the other evidence in the record. Since the vocational expert was basing her opinion upon Johnson's assertions, this portion of the opinion was properly disregarded.

## C.

5

The final claim of error is that Johnson's ability to engage in personal activities does not constitute substantial evidence of residual functional capacity. "We will not disturb the decision of an [ALJ] who seriously considers, but for good reasons explicitly discredits, a claimant's testimony of disabling pain." Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996), quoting, Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992). As clearly stated earlier in this decision, the credibility of the claimant is important in evaluating the subjective complaints of impediments. Acts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility. The fact that Johnson was able to carry on a normal life contributes to the finding that his impediments were not disabling. As the decision of the ALJ demonstrates, she did not rely solely upon her personal observations to reach this determination, rather she considered the entire record, including the medical testimony, the vocational expert's opinion, Johnson's testimony and demeanor, and the personal work history of Johnson. The ALJ articulated the inconsistencies of Johnson's complaint, therefore, the ALJ's burden has been met. *Id.* Any arguable deficiency, which we do not find, in the ALJ's opinion-writing technique does not require this Court to set aside a finding that is supported by substantial evidence. Carlson v. Chater, 74 F.3d 869, 871 (8th Cir. 1996). We conclude that there is substantial evidence to support the decision of the ALJ.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.