# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3239

_____

Gary M. Tucker,                              *
                                             *
            Appellant,                       *
                                             *  Appeal from the United States
     v.                                      *  District Court for the
                                             *  Western District of Missouri.
Jo Anne B. Barnhart, Commissioner            *
of Social Security,                          *
                                             *
            Appellee.                        *

_____

Submitted: February 13, 2004

Filed: April 13, 2004
_____

Before LOKEN, Chief Judge, BOWMAN, and WOLLMAN, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Gary M. Tucker appeals from the district court's[1] order affirming the Commissioner's denial of Tucker's application for disability insurance and supplemental security income benefits. Having reviewed the record to determine whether the Commissioner's decision is supported by substantial evidence, O'Donnell v. Barnhart, 318 F.3d 811, 816 (8th Cir. 2003), we affirm.

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

## I.

Tucker's application for benefits claimed that he suffered a disability beginning September 20, 2000, resulting from low back pain, leg pain and swelling, and Meniere's disease. The Social Security Administration denied his claim, as did the Administrative Law Judge (ALJ) following a hearing. The ALJ found that Tucker's impairments were severe but did not meet or equal the criteria of any listed impairment. 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ found that although Tucker was unable to perform any of his past relevant work, he retained the residual functional capacity (RFC) to lift and carry less than ten pounds, stand and walk ten minutes at a time for up to an hour a day, and sit up to an hour at a time for a total of seven hours a day, but could not perform a job that required him to climb, bend, squat, kneel, crouch, or crawl. The ALJ concluded, based on Tucker's RFC and the testimony of the vocational expert, that Tucker retained the capacity to perform jobs existing in significant numbers in the national and local economies and was therefore not under a disability as defined by the Social Security Act.

Tucker sought review of the ALJ's determination by the Appeals Council. His request was denied, so the ALJ's determination stands as the final decision of the Commissioner. Tucker filed suit in the district court, which held that the ALJ's decision was supported by substantial evidence. Tucker appeals, arguing that the ALJ wrongly concluded that his subjective complaints of pain were not "totally credible" and that he could perform jobs existing in significant numbers in the national and local economies.

## II.

We consider first whether the ALJ's finding that Tucker's subjective complaints of pain were not totally credible is supported by substantial evidence. Substantial evidence is less than a preponderance, but is enough that a reasonable person would believe it adequate to support the ALJ's conclusion. Cox v. Apfel, 160 F.3d 1203, 1206-07 (8th Cir. 1998). In deciding whether the evidence is substantial,

we consider all evidence that detracts from the ALJ's decision as well as all that supports it.  Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999).

In making a credibility determination regarding a claimant's subjective complaints of pain, the ALJ should consider all evidence related to those complaints "including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; (5) functional restrictions."  Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered.  Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996).

Tucker complained of severe impairments due to back and leg pain.  However, a number of diagnostic tools, including an MRI, myelogram, and post-myelogram CT, showed relatively minor degenerative changes.  Additionally, Tucker's treating physicians did not place any restrictions on him despite the alleged severity of the pain. The medical expert similarly testified that Tucker should be medically able to perform sedentary work that allowed for frequent postural changes and required only seldom stair climbing or bending.  This evidence caused the ALJ to question Tucker's credibility.  Despite the ALJ's concerns about Tucker's credibility, he did not entirely ignore Tucker's complaints but instead balanced Tucker's subjective complaints against the objective medical evidence in arriving at an assessment of Tucker's RFC.  Accordingly, we conclude that the ALJ's credibility determination is supported by substantial evidence in the record as a whole.

**III.**

We consider next Tucker's contention that the ALJ improperly found that he could perform jobs available in significant numbers in the economy.  Our review of

this finding has two components. One consists of a medical inquiry: is there substantial evidence to support the ALJ's determination of Tucker's RFC? Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002). The other is a vocational inquiry: is there substantial evidence to support the ALJ's determination that jobs exist in significant numbers that Tucker could perform given his RFC? Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996).

The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, "including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). Here, the ALJ found that Tucker could lift and carry less than ten pounds, stand and walk ten minutes at a time for up to an hour a day, and sit up to an hour at a time for a total of seven hours a day, but could not perform a job that required him to climb, bend, squat, kneel, crouch, or crawl. Despite Tucker's argument to the contrary, the ALJ's RFC finding shows that due consideration was given to all evidence in the record, including Tucker's subjective complaints of pain. In fact, the RFC determination reflects a finding of more limitations than those found by one of Tucker's own treating physicians, who opined that Tucker could occasionally lift twenty-one to fifty pounds and frequently lift eleven to twenty pounds. That physician, Dr. Carabetta, also believed that Tucker was capable of bending, stooping, or crawling occasionally. Thus, we conclude that the ALJ's assessment of Tucker's RFC is supported by substantial evidence.

We turn, then, to the ALJ's determination that jobs which Tucker's RFC enables him to perform exist in significant numbers in the economy. Testimony from a vocational expert constitutes substantial evidence only when based on a properly phrased hypothetical question. Cruze v. Chater, 85 F.3d 1320, 1323 (8th Cir. 1996). The hypothetical must include all impairments that are supported by substantial evidence in the record as a whole. Pickney, 96 F.3d at 296. Tucker argues that the ALJ's hypothetical was flawed because it did not include additional limitations

claimed by Tucker as a result of pain.  Because the ALJ's RFC determination is supported by substantial evidence, however, he properly included in the hypothetical only those impairments established by that evidence.

The judgment is affirmed.

_____