# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3743

———————

Kristin A. Marrotte,     *
           *
      Appellant,     *
           *    Appeal from the United States
    v.              *    District Court for the
           *    District of South Dakota.
Jo Anne B. Barnhart, Commissioner,   *      [UNPUBLISHED]
Social Security Administration,     *
           *
      Appellee.      *

———————

Submitted: August 6, 2004
Filed: August 13, 2004

———————

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

———————

PER CURIAM.

Kristin A. Marrotte appeals the district court's[1] order affirming the denial of supplemental security income and disability insurance benefits. Having reviewed the record, <u>see</u> <u>Fredrickson v. Barnhart</u>, 359 F.3d 972, 976 (8th Cir. 2004) (standard of review), we affirm.

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

In her June 2000 applications and related documents, Marrotte alleged disability since November 1993 from fibromyalgia, chronic migraines, neck pain, Bell's palsy, depression, and anxiety. She later revised her alleged onset date to mid-June 2000. After a hearing at which a psychological expert (PE) and vocational expert (VE) testified, an administrative law judge (ALJ) determined that Marrotte's impairments--including fibromyalgia, headaches, and depression with anxiety--were severe but not of listing-level severity, and that her residual functional capacity (RFC) did not preclude her past relevant work (PRW) in jewelry making.

Marrotte raises numerous challenges to the ALJ's credibility findings. Although some of Marrotte's contentions have force, we find that the ALJ's credibility findings are nonetheless entitled to deference. See Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003) (if ALJ explicitly discredits claimant and gives good reasons for doing so, court will normally defer to credibility determination). Among other things, we disagree with Marrotte's assertion that the ALJ was required to discuss her prior work record and her illness-related job losses, see Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004) (ALJ need not discuss each factor listed in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), so long as analytical framework is recognized and considered); and in any event, Marrotte's earnings record for the nine years preceding 2000 does not help her, see Fredrickson, 359 F.3d at 976-77 (claimant properly discredited in part due to sporadic work record, reflecting relatively low earnings and multiple years with no reported earnings, pointing to potential lack of motivation to work). While there is a statement from her last employer indicating that Marrotte lost that job due to frequent absences, nothing in the record establishes that Marrotte lost other jobs due to illness. Further, the ALJ's finding that the record suggested that Marrotte was seeking care only to establish evidence supporting a disability claim is supported by substantial evidence: for example, Marrotte testified that her Medicaid coverage ended in January 2001 and did not begin again until shortly before the April 2002 hearing, but the medical records indicate that once Physician's Assistant (PA) Debra Brandt completed a

disability form for Marrotte in July 2000, Marrotte saw Brandt only once more in August 2000; and Marrotte's rationale (lack of transportation) for choosing not to participate in a July 2000 pain-management program is suspect, given pain-center notes indicating that family members brought her to the center, and her testimony that she had a car and sometimes drove. See id. at 976 (substantial evidence is less than preponderance but enough that reasonable person would find it adequate to support decision). And as to the ALJ's reliance on references to narcotic-seeking behavior, while PA Brandt found Marrotte's symptoms real and not due to drug-seeking behavior, an emergency room physician noted his concern over Marrotte's use of narcotics, Marrotte twice specifically requested stronger narcotics from Brandt, she was getting narcotics from both Brandt and emergency room physicians during the same period, and in November 2001 she requested a narcotic analgesic from another doctor for fibromyalgia and a slight headache.

We also reject Marrotte's challenge to the ALJ's RFC findings. The ALJ properly discounted the May 2001 RFC opinion of PA Brandt about disabling migraines, fibromyalgia, and depression, as there is no evidence that she treated Marrotte after August 2000, and thus her opinion is not supported by treatment records; the medications she prescribed earlier for depression reportedly helped; and Marrotte never sought counseling. See 20 C.F.R. §§ 404.1513(a), (d); 416.913(a), (d) (2004) (PAs are not acceptable medical sources but may provide evidence showing severity of impairments and how they affect ability to work); cf. Bentley v. Shalala, 52 F.3d 784, 787 (8th Cir. 1995) (ALJ may reject any medical expert's conclusions if they are inconsistent with record as whole). As to Dr. Craig Mills's November 2000 RFC opinion, it was rendered after a one-time evaluation, and Dr. Mills did not specify Marrotte's restrictions, stating only that she would have problems with repetitive activities. See Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000) (opinion of consulting physician who examines claimant once or not at all generally does not constitute substantial evidence); cf. Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001) (treating physician's vague and conclusory opinion is

not entitled to deference). And the "DBQ" finding Marrotte references--indicating she is capable of no more than sedentary work--is not inconsistent with the ALJ's determination that Marrotte could perform her PRW in jewelry making, which was categorized by the VE as a sedentary job. Finally, the ALJ's RFC findings are consistent--except for the purported need to nap frequently, and the 3-4 bad days a week--with Marrotte's testimony concerning her RFC; and they are supported by the RFC findings of Social Security Administration reviewing physicians and of the PE. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir. 2004) (RFC determination is based on medical records, observations of treating physicians and others, and claimant's own description of her limitations). As to Marrotte's argument about the VE's response to a hypothetical posed by the ALJ, VE testimony was not required here. See Banks v. Massanari, 258 F.3d 820, 827 (8th Cir. 2001) (VE testimony is not required at step four where claimant retains burden of showing she cannot perform her past relevant work).

Accordingly, the judgment is affirmed.

_____