# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1401

———————

Jenifer A. Pittman,     *
    *
       Appellant,     *
    *    Appeal from the United States
v.     *    District Court for the
    *    Western District of Missouri
Jo Anne B. Barnhart, Commissioner,     *
Social Security Administration,     *    [Unpublished]
    *
       Appellee.     *

———————

Submitted: October 26, 2004
Filed: November 29, 2004

———————

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Jenifer A. Pittman appeals from the final judgment entered in the District Court[1] for the Western District of Missouri affirming the denial of disability insurance benefits. In her June 2001 application, Pittman alleged disability since December 2000 from, inter alia, blackouts, bipolar II disorder, and diabetes. After a hearing, an administrative law judge (ALJ) determined that Pittman's severe impairments--diabetes, possible neuropathy, controlled hypertension, mixed

———————

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

headaches, blackouts, mixed bipolar disorder, and borderline personality traits--were not of listing-level severity either alone or combined. The ALJ adopted the residual functional capacity (RFC) findings of medical expert Sophia Kahn, M.D., who testified at the hearing; and the ALJ determined Pittman could perform jobs a vocational expert had identified in response to a hypothetical the ALJ had posed.

After the Appeals Council denied review, the district court affirmed. For reversal Pittman argues the district court's analysis was deficient, citing Burress v. Apfel, 141 F.3d 875, 878 (8th Cir. 1998); and she challenges the ALJ's credibility and mental RFC findings, as well as the sufficiency of the ALJ's hypothetical. For the reasons discussed below, we affirm the judgment of the district court.

Contrary to Pittman's suggestion, Burress does not require reversal and remand, as this court conducts its own substantial-evidence review of the record before the Commissioner. See Box v. Shalala, 52 F.3d 168, 170 (8th Cir. 1995) (reviewing de novo grant of summary judgment to determine whether substantial evidence supported Commissioner's decision).

We reject Pittman's challenge to the ALJ's credibility findings. While an ALJ may not discredit subjective complaints based solely on the lack of objective medical evidence, see Brosnahan v. Barnhart, 336 F.3d 671, 677-78 (8th Cir. 2003), an ALJ may use the lack of such evidence as one credibility factor, see Curran-Kicksey v. Barnhart, 315 F.3d 964, 968 (8th Cir. 2003); and while a claimant's demeanor may not be a proper basis for reaching conclusions as to a claimant's mental condition, see Bishop v. Sullivan, 900 F.2d 1259, 1263 (8th Cir. 1990), from our reading of the hearing transcript, the ALJ's comments about histrionics and exaggeration were directed to Pittman's claims about blackouts, spinning, memory lapses, and balance problems, which we note were the main focus of her testimony, see Johnson v. Apfel, 240 F.3d 1145, 1147-48 (8th Cir. 2001) (ALJ's personal observations of claimant's demeanor during hearing are proper basis for making credibility determination).

Also, Pittman testified that she had not had a blackout in nine months, so they had resolved after ten months and could not serve as a basis for a disability claim. See 20 C.F.R. § 404.1509 (2004) (impairment must last or be expected to last for continuous period of at least 12 months). As to her diabetes, Pittman testified it was controlled, and the post-hearing records indicated her last diabetic-related hospitalization was due to her noncompliance. See O'Donnell v. Barnhart, 318 F.3d 811, 819 (8th Cir. 2003) (failure to follow prescribed treatment may, in some cases, undermine claimant's credibility); Johnson, 240 F.3d at 1148 (impairments controlled by treatment do not support finding of total disability). In summary, although the ALJ did not discuss all the requisite factors announced in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), he recognized them and gave multiple valid reasons for finding Pittman not credible. See Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004) (ALJ is not required to discuss each Polaski factor, as long as analytical framework is recognized and considered).

Pittman also challenges the mental RFC findings, contending in part that the ALJ ignored the opinion of treating psychiatrist Arturo Quiason. Dr. Quiason, however, did not explain findings in a psychiatric review technique form he completed in April 2002, nor did he provide additional treatment records supporting those findings. Cf. Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir. 1995) (treating physician's opinion that claimant was totally disabled because he could not bend or stoop was not conclusive in disability determination, in part because it was unsupported by objective medical tests or diagnostic data; weight given to treating physician's opinion is limited if it is only conclusory statement). Further, the ALJ's mental RFC findings are consistent with those of Dr. Kahn, and with Pittman's own testimony that her bipolar disorder was controlled by medication, and that her inability to work was due to reasons other than her mental impairments. See Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004) (in determining RFC, ALJ should consider medical records, observations of treating physicians and others, and claimant's own description of her limitations). Because the ALJ's RFC determination

was supported by substantial evidence, we find that he properly included in the hypothetical only those impairments supported by substantial evidence.  See Tucker, 363 F.3d at 784.

Accordingly, we affirm.

_____