# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1055

_____

| | | |
|---|---|---|
| Christina Clement, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jo Anne B. Barnhart, Commissioner | * | Western District of Arkansas. |
| of the Social Security Administration, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: June 15, 2006
Filed: June 26, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Christina Clement appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. In her November 2001 application, Clement alleged disability due to arthritis in her hip, degenerative bone deterioration in her hips and left leg, diabetes, and asthma. After a hearing, an administrative law judge (ALJ) determined that (1) Clement's impairments of mild

_____

[1]The Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

osteoarthritis of her left hip, mild degenerative disc disease, asthma, and diabetes-- exacerbated by her obesity--were severe in combination but did not equal a listed impairment; (2) she was not significantly limited by migraine headaches, vision difficulties, carpal tunnel syndrome, depression, or anxiety; (3) her allegations of disabling pain were not entirely credible; (4) she had the residual functional capacity (RFC) to perform a wide range of light work; and (5) she could perform her past relevant work as a sewing-machine operator, production operator, fast-food worker, cosmetics assembler and sorter, and housekeeper. After the Appeals Council denied review, the district court affirmed.

We reject Clement's contention that the ALJ wrongly discredited the opinion of Dr. Vann Smith, a neuropsychologist who saw Clement one time based on her attorney's recommendation, and completed a mental RFC questionnaire wherein he assessed Clement as unable to pursue gainful employment. We conclude the ALJ properly discounted the RFC assessment in Dr. Smith's report after finding it was not supported by his own testing and evaluation, or by other medical evidence in the record, and was inconsistent with Clement's reported daily activities. See Ellis v. Barnhart, 392 F.3d 988, 994-95 (8th Cir. 2005) (although medical source opinions are considered in assessing RFC, final RFC determination is for Commissioner); Banks v. Massanari, 258 F.3d 820, 825-26 (8th Cir. 2001) (ALJ properly discounted claimant's complaints of disabling depression as inconsistent with daily activities and failure to seek additional psychiatric treatment); cf. Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir. 1993) (discrediting report of one-time physician who found disabling mental impairments where mental impairment was not alleged in application, claimant neither previously sought nor was referred for mental health treatment, and treating doctor noted only occasional periods of anxiety).

We also conclude the ALJ properly found that Clement was not significantly limited by migraine headaches, vision difficulties, or carpal tunnel syndrome, as she sought little or no medical treatment for these complaints. See 20 C.F.R.

§§ 404.1520(c), 416.920(c) (severe impairment significantly limits physical or mental ability to do basic work activities); Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997) (failure to seek medical assistance contradicts subjective complaints). The ALJ properly stated that he was considering Clement's severe impairments as exacerbated by her obesity. We further find the hypothetical to the VE that was adopted by the ALJ, which was more restrictive than the consulting doctor's RFC assessment, included all of the impairments substantiated by the record. See Johnson v. Apfel, 240 F.3d 1145, 1148 (8th Cir. 2001) (ALJ may exclude alleged impairments he has properly rejected as untrue or unsubstantiated).

Clement's remaining arguments are also without merit. Accordingly, we affirm.

_____