# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4409

_____

Denise L. Miller,                                  *
                                                   *
            Appellant,                             *
                                                   *   Appeal from the United States
     v.                                            *   District Court for the Western
                                                   *   District of Missouri.
Michael J. Astrue,[1] Commissioner                 *
of the Social Security Administration,             *   [UNPUBLISHED]
                                                   *
            Appellee.                              *

_____

Submitted: May 4, 2007
Filed: May 18, 2007

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

        Denise L. Miller appeals the district court's[2] order affirming the denial of disability insurance benefits and supplemental security income. In her October 2002 application, Miller alleged disability due to an October 2001 back injury. After a hearing, an administrative law judge (ALJ) determined that (1) Miller's impairments

_____

        [1]Michael J. Astrue has been appointed to serve as Commissioner of Social Security and is substituted as the appellee pursuant to Federal Rule of Appellate Procedure 43(c)(2).

        [2]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

of fibromyalgia and lumbar-spine-fracture residuals were severe, but did not meet or equal a listed impairment; (2) her alleged affective and anxiety disorders had no more than de minimis effect on her ability to work and were non-severe; (3) her statements concerning her impairments and their impact on her ability to work were not entirely credible; (4) she had the residual functional capacity (RFC) to perform a wide range of sedentary work; (5) she could perform her past relevant work of order clerk; and (6) she also could perform the alternative jobs of photo finisher and wire patcher, which existed in significant numbers in the local and national economy. After the Appeals Council denied review, the district court affirmed in an order and judgment entered on August 9, 2005.

As a threshold matter, we find that although Miller's December 9, 2005 notice of appeal (NOA) was untimely, see Fed. R. App. P. 4(a)(1), (5), her appeal is timely based on a pro se letter that she filed in the district court on October 7, in which she asked for more time to file her appeal, stating that "the 60 days are up Oct 8." We believe that this filing sufficiently manifested Miller's intent to appeal, and referred to the district court's August 9 entry of judgment. *See* Fed. R. App. P. 3(c)(1) (NOA content requirements); *Becker v. Montgomery*, 532 U.S. 757, 767 (2001) ("imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court"); *Pierson v. Dormire*, No. 06-2545, 2007 WL 984104, at *6 (8th Cir. Apr. 4, 2007) (reaffirming that letters addressed to judge within prescribed time which manifest intent to appeal are sufficient to constitute NOA); *Isert v. Ford Motor Co.*, 461 F.3d 756, 762-63 (6th Cir. 2006) (collecting cases and discussing circumstances in which courts of appeals construed extension motion as NOA).

Turning to the merits, we reject Miller's contention that the ALJ wrongly discredited the opinion of Dr. Yvonne Agius, a general practitioner who completed an RFC assessment which essentially assessed Miller as being unable to pursue gainful employment. The ALJ properly discounted the RFC assessment after finding that it did not reference clinical findings or otherwise explain its basis, and that it was

inconsistent with Miller's reported activities. *See Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001) (ALJ may reject conclusions of any medical expert if they are inconsistent with record as a whole); *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998) (treating physician's opinion is entitled to substantial weight, but is not conclusive and must be supported by clinical or diagnostic data); *Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991) (when treating physician's statement consists of only conclusory statements, it is not entitled to greater weight than any other physician's opinion).

We also conclude the ALJ properly discounted Miller's assertion that she was unable to work because of fibromyalgia and back pain. The ALJ's finding is supported by his consideration of Miller's daily activities, the ALJ's personal observations, an examining physician's report of Miller's "questionable effort" and lack of participation in his examination, the lack of aggressive medical treatment, the inconsistency of Miller's assertions with the objective medical evidence, and her sporadic work history. *See Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000) (if adequately explained and supported, credibility findings are for ALJ to make). We further find the hypothetical to the VE that was adopted by the ALJ, which was more restrictive than the consulting doctor's RFC assessment, included all of the impairments that the ALJ found to be substantiated by the record. *See Johnson*, 240 F.3d at 1148 (ALJ may exclude alleged impairments he has properly rejected as untrue or unsubstantiated). Finally, we decline to consider the new evidence that Miller has submitted to this court, which does not appear to help her in any event. *Cf. Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997) (district court's consideration of evidence outside record before Commissioner is generally precluded; remand is warranted only upon showing that new evidence is material, i.e., non-cumulative, relevant, and probative of claimant's condition for time period for which benefits were denied).

Accordingly, we affirm.

_____