# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4156

_____

Nora J. Butler,                         *
*
            Appellant,            *
* Appeal from the United States
    v.                         * District Court for the Western
* District of Missouri.
Michael J. Astrue,            *
Commissioner of Social Security,    * [UNPUBLISHED]
*
           Appellee.            *

_____

Submitted: June 13, 2007
Filed: June 20, 2007

_____

Before BYE, RILEY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Nora J. Butler appeals the district court's[1] judgment affirming the Commissioner of Social Security's denial of her applications for disability insurance benefits under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401, et seq., and for supplemental security income payments under Title XVI of the Act, 42 U.S.C. §§ 1381, et seq. We affirm.

_____

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

Butler alleged disability since December 1997 from several mental health disorders and knee pain. Butler worked in a grocery warehouse prior to her disability onset date. Since her alleged onset date, she has worked part time as a daycare worker, telemarketer, and fast-food cook. On November 19, 2004, Butler testified at a hearing before the Commissioner's administrative law judge (ALJ). The ALJ found Butler's allegations of disabling mental and emotional instability and knee pain not credible and determined Butler's residual functional capacity (RFC) did not prevent her from performing her past work full time, making her ineligible for disability benefits or supplemental security income payments.

Butler argues the Commissioner committed reversible error by relying on the July 16, 2003, evaluation of a non-examining state agency psychiatrist, Dr. Lisa Lacey, and in not affording greater weight to the November 17, 2004, opinion of her treating physician, Dr. Daphne Maurer. Dr. Lacey opined Butler only had "mild" mental impairments, could understand and follow simple instructions, was able to relate to others in a work environment, and could make work-related decisions and adapt to routine changes common in a competitive work environment. In contrast, Dr. Maurer reported she was "unsure about [Butler's] ability" to make performance adjustments and understand simple job instructions and opined Butler possessed poor or no abilities to deal with work stressors. A vocational expert testified Butler could work her past jobs given Dr. Lacey's assessment but would not be able to work any jobs if Dr. Maurer's assessment were adopted. The ALJ discounted the opinion of Dr. Maurer, because (1) she was a resident rather than attending physician in psychiatry, (2) her medical findings relied heavily on Butler's subjective complaints, (3) she stated she was "unsure" about Butler's abilities to make performance adjustments and follow simple instructions, (4) her findings were inconsistent with a more thorough and objectively supported assessment provided in May 1999 by treating psychiatrist Dr. Bernard Beitman, chairman of and professor at a psychiatric teaching clinic, who examined Butler the same number of times as Dr. Maurer, and (5) her findings were inconsistent with those of another physician, Dr. Hope Wagner, who performed a consultative psychiatric examination in June 2003.

We review the record de novo, taking into account whatever in the record fairly detracts from the Commissioner's decision, and affirm where the findings are supported by substantial evidence in the record as a whole. Bowman v. Barnhart, 310 F.3d 1080, 1083 (8th Cir. 2002). After examining the ALJ's reasons for discounting Dr. Maurer's evaluation, we find nothing improper in his treatment of Dr. Maurer's opinion as substantial evidence supports the conclusion it was inconsistent with the record as a whole. See Johnson v. Apfel, 240 F.3d 1145, 1148 (8th Cir. 2001) ("The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole."). Moreover, the ALJ did not err in adopting the RFC of Dr. Lacey, which was consistent with the medical findings of Dr. Beitman and Dr. Wagner. Finally, the ALJ did not err in finding the medical record only supported a mild, not disabling, knee problem.[2]

Accordingly, we affirm.

_____

_____

[2]To the extent Butler challenges the ALJ's discounting of her subjective complaints, we find no error. After considering the factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (per curiam), the ALJ found the severity of the impairments alleged were inconsistent with Butler's reported daily activities, especially in light of other discrepancies in Butler's statements. The ALJ cited specific inconsistencies in Butler's statements concerning her alleged: placement in special education classes in high school, difficulty interacting with co-workers, frequency of missed work days, and number of hours worked per week. Additionally, the record shows some medical examiners found she overstated the extent of her impairments. This evidence affords an adequate basis to discount Butler's subjective complaints. See Anderson v. Barnhart, 344 F.3d 809, 814 (8th Cir. 2003) ("While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.").