# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2091

_____

Deborah Mae Todd-Smith

*Plaintiff - Appellant*

v.

Michael J. Astrue, Social Security Commissioner

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: November 6, 2012
Filed: January 4, 2013
[Unpublished]

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Deborah Todd-Smith appeals the district court's order affirming the denial of supplemental security income (SSI). Todd-Smith protectively filed for SSI benefits in January 2007, alleging disability since January 1997 based on problems with her spine, back, legs, knees, and toe. Following a November 2008 hearing, an administrative law judge (ALJ) found that (1) Todd-Smith had degenerative disc

disease of the lumbar spine, which was severe, but she did not have an impairment or combination of impairments that met or equaled a listed impairment; (2) her allegations regarding the limiting effects of her symptoms were not fully credible; (3) she had the residual functional capacity (RFC) to perform the exertional demands of light work with some additional limitations; and (4) she had no past relevant work, but based on the testimony of the vocational expert (VE), she could perform the jobs of machine tender, assembler, and poultry worker, which exist in significant numbers in the local and national economy. The Appeals Council denied review, and the district court affirmed. Upon careful review of the record and Todd-Smith's arguments for reversal, see Perkins v. Astrue, 648 F.3d 892, 897 (8th Cir. 2011) (standard of review), we conclude that certain aspects of the ALJ's decision were not supported by substantial evidence.

Todd-Smith contends that the ALJ erred in finding her not credible regarding the degree of her pain and functional limitations. Although the ALJ is not required to discuss each credibility factor, see Halverson v. Astrue, 600 F.3d 922, 932 (8th Cir. 2010), in this case the ALJ did not give any specific reasons for discounting Todd-Smith's credibility, cf. McCoy v. Astrue, 648 F.3d 605, 614 (8th Cir. 2011) (if ALJ explicitly discredits claimant and gives good reasons for doing so, this court normally defers to ALJ's credibility determination). To the extent the ALJ's finding was based on the belief that Todd-Smith's complaints were not fully supported by the objective medical evidence, the lack of objective evidence is only one factor to consider in evaluating credibility, see Curran-Kicksey v. Barnhart, 315 F.3d 964, 968-69 (8th Cir. 2003), and in any event Todd-Smith's medical records show a long history of back surgeries, epidural steroid injections, and significant pain medication. Moreover, Todd-Smith did not represent that she participated in any daily activities that were inconsistent with her testimony about her limitations. See Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) (claimant's report of daily activities is factor to consider in assessing credibility).

We also find that the ALJ's RFC assessment and hypothetical to the VE did not contain many of the mental limitations set out by the doctors--even the less restrictive limitations set out by the consultative examiners--and thus the ALJ's determination was unsupported by the record. See Tucker v. Barnhart, 363 F.3d 781, 784 (8th Cir. 2004) (VE testimony constitutes substantial evidence only when based on proper hypothetical which includes all impairments supported by substantial evidence in record). Accordingly, we reverse and remand for further proceedings consistent with this opinion.

_____