# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3366

———————

Johnny J. Pense,                 *
                                    *
          Appellant,        *
                                    *   Appeal from the United States
   v.                            *   District Court for the
                                    *   Western District of Arkansas.
Jo Anne B. Barnhart, Commissioner,  *
Social Security Administration,    *   [UNPUBLISHED]
                                    *
          Appellee.        *

———————

Submitted: August 4, 2005
Filed: August 10, 2005

———————

Before COLLOTON, HANSEN, and BENTON, Circuit Judges.

———————

PER CURIAM.

Johnny J. Pense appeals the district court's[1] order affirming the termination of disability insurance benefits. Pense applied for benefits in August 1992, and in May 1993 an administrative law judge (ALJ) found him disabled as of October 1991. A June 1998 continuing-disability review resulted in the continuation of benefits. Following a subsequent continuing-disability review, however, in October 2001

———————

[1]The Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Pense was notified that his disability had ceased and his benefits would stop in December 2001. After a hearing, another ALJ determined Pense's impairments alone or combined were severe, but not of listing-level severity, and there had been medical improvement related to his ability to work. The ALJ found that Pense's allegations were not totally credible, and that his residual functional capacity (RFC) had improved. The ALJ further determined that Pense's past relevant work was precluded by his RFC, but that he was not disabled under the Medical-Vocational Guidelines. The Appeals Council denied review, and the district court affirmed.

Pense first challenges the ALJ's credibility findings. While the ALJ could have more clearly articulated the bases for his credibility findings, we conclude that the ALJ's adverse credibility determination was supported by the multiple valid observations the ALJ made in his discussion of the medical evidence and Pense's testimony and reports. See Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference to ALJ's credibility findings is warranted when they are supported by good reasons and substantial evidence); Johnson v. Apfel, 240 F.3d 1145, 1149 (8th Cir. 2001) (any arguable deficiency in opinion writing does not require court to set aside finding that is supported by substantial evidence).

Pense also argues that the ALJ failed to explain properly the basis for his findings in the continuing-disability review process. We disagree, as the ALJ recognized the requisite steps in the continuing-disability review process and then discussed each step. See Dixon v. Barnhart, 324 F.3d 997, 1000-01 (8th Cir. 2003) (outlining steps). Contrary to Pense's suggestion, the medical problems he has experienced since last being approved for benefits in 1998 cannot serve as a basis for finding that he is still disabled, given that his diabetes and hypertension are well controlled and that his leg fracture healed in a brief period without complications.

Pense's remaining arguments provide no basis for reversal. Accordingly, we affirm, finding substantial evidence in the record as a whole to support the ALJ's decision. See Dixon, 324 F.3d at 1000 (standard of review).

_____