# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2800
_____

Jody D. Hill

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: April 14, 2014
Filed: June 2, 2014

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

BYE, Circuit Judge.

Jody Hill appeals the district court's[1] order affirming the Administrative Law Judge's ("ALJ") determination Hill was not entitled to disability benefits or supplemental security income. We affirm.

_____

[1]The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

# I

Hill worked as a long-haul truck driver from 2000 to 2006, when he quit because he "couldn't handle the stress." Hill applied for Social Security disability benefits and supplemental security income in 2007. Hill had diagnosed with multiple disorders, including depression, bipolar disorder, anxiety, and adjustment disorder. Hill had violent feelings, was stressed by his household situation where he lived with his mother, stepfather, and other extended family. Hill displayed anti-social tendencies and testified he had difficult interacting with people. Hill was treated with various medications, including Celexa, lithium, and Prozac. These medications had a positive impact on his mood and behavior. The Social Security Commissioner ultimately denied Hill's disability applications, and Hill requested a hearing before the ALJ.

Disability claims are evaluated using a five-step sequential process for evaluating disability claims, during which the ALJ asks: (1) whether the claimant is currently employed; (2) whether the claimant is severely impaired; (3) whether the impairment is or approximates an impairment listed in Appendix 1; (4) whether the claimant can perform past relevant work; and, if not, (5) whether the claimant can perform any other kind of work. See 20 C.F.R. § 404.1520; see also King v. Astrue, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Upon review, the ALJ denied Hill's claims, concluding Hill could return to his past work as a truck driver but also determined Hill could not do more than simple, repetitive unskilled or low level semi-skilled tasks, or have close or frequent contact with co-workers, supervisors, or the general public. In the alternative, the ALJ determined there were other jobs available which Hill could perform, such as a dipper, gluer, or house appliance patcher. However, the ALJ did not hear testimony of a vocational expert during the hearing.

Hill appealed to the Appeals Council, which took issue with several of the ALJ's findings and remanded the case, stating the ALJ will (1) give further consideration to Hill's residual functional capacity ("RFC") and provide a rationale with references in the record to support the conclusion; (2) further evaluate Hill's mental impairments; (3) further evaluate Hill's past relevant work; and (4) obtain evidence from a vocational expert to clarify the effect of the assessed limitations on Hill's occupational opportunities.

On remand, the ALJ heard further evidence on Hill's mental impairments, gave further consideration to Hill's RFC, and evaluated Hill's past work. However, the ALJ declined to hear testimony from a vocational expert because the ALJ concluded Hill could return to his past work, and, thus, the testimony was not required. Hill again appealed to the Appeals Council, which denied his appeal. Hill then filed this action, and the district court affirmed the ALJ's findings. This appeal follows.

## II

### A

Hill first contends the ALJ's determination he could perform past relevant work was not supported by substantial evidence. This Court reviews *de novo* a district court decision upholding a denial of Social Security disability benefits. McDade v. Astrue, 720 F.3d 994, 997-98 (8th Cir. 2013). However, we review the underlying ALJ decision under a deferential "substantial evidence" standard, and will affirm if, based on the record as a whole, a reasonable mind could accept the ALJ's determination. Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012).

Here, the ALJ properly followed the five-step process when evaluating Hill's claims, and the decision is supported by substantial evidence. The ALJ relied on Hill's poor work record, his reported daily living activities, and his treatment history, noting

Hill improved with medication. Clinical reports indicated Hill was irritable but also had good eye contact and a cooperative attitude. No evidence in the record suggests Hill had interpersonal difficulties with medical staff or limitations in concentration or memory. This evidence supports the ALJ's conclusion Hill retained the capacity to perform past work at all exertional levels, except he could not have more than occasional contact with the public, co-workers, or supervisors.[2]

Hill also argues the ALJ erred in assuming truck driving requires only occasional interaction with the public, co-workers, and supervisors. However, substantial evidence supports the ALJ's finding in this regard, including Hill's own description of his work day. Hill failed to supplement the record with evidence that he more than occasionally interacted with others, which was his burden to do. Therefore, the ALJ's determination Hill retained the RFC to return to work as a truck driver was supported by substantial evidence.

B

Hill next contends the ALJ committed legal error by failing to hear vocational expert testimony on remand. The question of whether the ALJ's ruling was based on a legal error is reviewed *de novo*. Juszczyk v. Astrue, 542 F.3d 626, 633 (8th Cir. 2008). An ALJ commits legal error if it fails to follow the sequential evaluation process. See Goff v. Barnhart, 421 F.3d 785, 789-90 (8th Cir. 2005).

The Appeals Council did order the ALJ to hear vocational expert testimony, which the ALJ did not do. Yet, Hill fails to acknowledge that, in the initial ruling, the ALJ issued two bases for his ruling. First, the ALJ concluded at step four of the

---

[2]Hill argues the Appeals Council "ruled in its remand order" that he could not perform past relevant work. The Appeals Council made no such ruling. Rather, it simply instructed the ALJ to further consider Hill's RFC and whether he could return to past relevant work. The ALJ properly followed that instruction on remand.

analysis that Hill could perform past relevant work. The ALJ then proceeded to step five and concluded in the alternative Hill's impairments did not prevent him from doing other work. The ALJ made this alternative determination without considering vocational expert testimony. Because vocational expert testimony is required at step five of the analysis, this explains why the Appeals Council ordered such testimony on remand.

On remand, the ALJ only provided one basis for its ruling, determining Hill could return to his past work at step four of the analysis. He did not proceed to step five or provide an alternative basis for his ruling. The Appeals Council made its vocational expert testimony order within the context of the ALJ's alternative basis discussion. Because the ALJ did not proceed to step five on remand, vocational expert testimony was not required. See Lewis v. Barnhart, 353 F.3d 642, 648 (8th Cir. 2003) ("Vocational expert testimony is not required at step four where the claimant retains the burden of proving she cannot perform her prior work.").

III

For the foregoing reasons, we affirm the judgment of the district court.

_____