# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1847

_____

Porche R. Midgyett

*Plaintiff - Appellant*

v.

Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: February 15, 2018
Filed: June 18, 2018
[Unpublished]

_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Porche R. Midgyett appeals the district court's[1] judgment affirming the Commissioner's denial of child's disability benefits and supplemental security income under Titles II and XVI of the Social Security Act. We affirm the judgment of the district court.

On September 18, 2012, Midgyett protectively applied for child's insurance benefits based on disability and for supplemental security income. She alleged disability beginning on August 8, 2009. In November 2012 the claims were denied. Midgyett requested a hearing, which was held before an Administrative Law Judge ("ALJ") on April 10, 2014. The issue at hearing was whether Midgyett was entitled to disabled child's insurance benefits pursuant to 20 C.F.R. § 404.350(a)(5). The hearing included testimony from Midgyett and from an impartial vocational expert.

The ALJ followed the five-step sequential evaluation process required by 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). See Johnson v. Colvin, 788 F.3d 870, 872 (8th Cir. 2015) (quoting Hill v. Colvin, 753 F.3d 798, 800 (8th Cir. 2014)). The ALJ correctly found from the record that Midgyett had "not engaged in substantial gainful activity since August 8, 2009." The ALJ determined that Midgyett established severe impairments, including "learning disabled with possible low intellectual functioning and idiopathic thoracic scoliosis with history of fusion surgery." However, the ALJ concluded that Midgyett does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P. app. 1, including Listing 12.05. Finally, "[a]fter careful consideration of the entire record," the ALJ determined that Midgyett "has the residual functional capacity to perform medium work as defined" by law. The ALJ qualified this determination as follows:

---

[1]The Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(a).

The claimant is able to understand, remember, and carry out simple instructions consistent with unskilled work. The claimant should work in a job where there are no strict production quotas and the claimant would not be subject to the demands of fast-paced production work, i.e. work by the shift and not by the hour. The claimant can perform only simple decision-making related to basic work functions. The claimant can tolerate only minor, infrequent changes within the workplace.

We review de novo the district court's judgment denying social security benefits. Vance v. Berryhill, 860 F.3d 1114, 1117 (8th Cir. 2017). We "do not reweigh the evidence presented to the ALJ," and "we defer to the ALJ's determinations regarding credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." Johnson v. Colvin, 788 F.3d 870, 872 (8th Cir. 2015) (quoting Gonzales v. Barnhart, 465 F.3d 890, 894 (8th Cir. 2006)) (internal quotation marks omitted). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's decision." Vance, 860 F.3d at 1117 (quoting Gonzales, 465 F.3d at 894) (internal quotation marks omitted).

The ALJ's decision is supported by the record, including Midgyett's own testimony. Midgyett admitted to activities of daily living "including attending to her personal care, performing household chores such as washing dishes, preparing simple meals, driving her daughter to school, shopping in stores, socializing with friends, watching television, and helping her daughter with homework." The ALJ's conclusion that "[s]ome of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment" is supported by substantial evidence. We will not reweigh the ALJ's finding that "the claimant's ability to participate in such activities diminishes the credibility of the claimant's allegations of functional limitations greater than found in the determined residual functional capacity." Substantial evidence further supports the ALJ's decision that "the jobs cited by the

vocational expert can be used to support a finding of work that exists in significant numbers in the national economy."

In short, the "ALJ was entitled to find, based on" the medical and school records, Midgyett's testimony, and the testimony of the vocational expert that Midgyett "does not exhibit the deficits in adaptive functioning needed to meet Listing 12.05." See Johnson, 788 F.3d at 873.

We affirm the judgment of the district court affirming the Commissioner's denial of benefits.

_____