# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-3746
_____

Angela Pemberton

*Plaintiff - Appellant*

v.

Andrew Saul, Commissioner, Social Security Administration

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Batesville
_____

Submitted: September 25, 2019
Filed: March 9, 2020
_____

Before LOKEN, COLLOTON, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Angela Pemberton appeals the judgment of the district court[1] upholding the denial of her application for disability benefits. She argues the ALJ's residual

_____

[1] The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas.

function capacity (RFC) finding relating to her right hand is not supported by substantial evidence. We affirm.

## I.

Pemberton filed for disability insurance benefits in June 2015. Her application was based on several health conditions that impacted her legs, left hip, back, neck, and left shoulder (including spondylolisthesis, disc disease, sprains, and fractures). The application was denied initially and again on reconsideration. In October 2015, she requested a hearing before an ALJ.

While waiting for the hearing, Pemberton started having pain in her right arm. Dr. James Allen, an orthopedic surgeon, diagnosed right arm cubital tunnel syndrome. He performed corrective surgery on February 1, 2017. Between February and May, Pemberton saw Dr. Allen for multiple postoperative visits and she started physical therapy. On May 12, 2017, while she was still recovering from her arm surgery, the ALJ held a hearing on her disability application.

Following the five-step process for deciding disability, *see* 20 C.F.R. § 404.1520, the ALJ found Pemberton satisfied the first two steps because she had not engaged in substantial gainful activity since February 2015 and had several severe impairments. The ALJ also found that these impairments did not correspond with the automatic disability impairments listed in Social Security regulations. Next, the ALJ determined her RFC and found Pemberton could perform sedentary work "except she can only occasionally stoop, kneel, crouch, crawl, and only occasionally use stairs or stand on uneven surfaces. She has frequent but not constant use of her right upper extremity for grasping, handling, and fingering." AD-4. The ALJ then found Pemberton's RFC prevented her from performing her past job. Finally, the ALJ concluded that despite her serious impairments, Pemberton could be employed as a document preparer or telephone quote clerk. Because those jobs exist in the national

economy in significant numbers, the ALJ ruled she was not disabled and denied her application. The Social Security Appeals Council, the magistrate judge, and the district court all affirmed. Pemberton timely appealed.

## II.

"We review *de novo* the district court's judgment upholding the denial of social security benefits." *Julin v. Colvin*, 826 F.3d 1082, 1086 (8th Cir. 2016) (citation omitted). "We will affirm the district court's judgment if, based on the record as a whole, substantial evidence supports the ALJ's determination." *Id.* "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.*

This case turns on whether the ALJ's finding that Pemberton can perform frequent but not constant grasping, handling, and fingering with her right arm is supported by substantial evidence. Pemberton concedes that her right arm problems are not disabling on their own. Instead she argues that her "manipulative abilities are more limited than the ALJ found," Pemberton Br. i, so she cannot work as a document preparer or telephone quote clerk and is eligible for disability benefits.

Having reviewed the record, we find substantial evidence supporting the ALJ's RFC. One week after surgery, Pemberton reported that her right elbow pain was a 4 out of 10, while her wrist pain was a 7 out of 10. Dr. Allen also noted that she had mild tenderness and a decreased range of motion. By the end of March, her overall pain had lessened to a 6 out of 10 even though Pemberton had "used [her arm] more than she should" doing household chores. By May 2017, Dr. Allen's records show her range of motion "lack[ed] 10 degrees of full extension," but that was an improvement from February. Tr. 697. He also noted that Pemberton did not suffer pain or instability during a valgus stress test. And at physical therapy, Pemberton had minimal complaints of pain and had an improvement in her range of motion due to decreased pain and stiffness.

Pemberton overlooks this evidence and primarily relies on Dr. Allen's opinions that her arm had not responded to treatment and that she was not healing well. *See* Pemberton Br. 33–35. Although "[a] treating physician's opinion should be accorded substantial weight," *Prince v. Bowen*, 894 F.2d 283, 285 (8th Cir. 1990), "[m]edical records, physician observation, and the claimant's subjective statements about [her] capabilities may be used to support the RFC," *Partee v. Astrue*, 638 F.3d 860, 865 (8th Cir. 2011). If the treating physician's opinion is internally inconsistent or conflicts with substantial evidence contained within the medical record as a whole, the ALJ may afford it less weight. *See Prosch v. Apfel*, 201 F.3d 1010, 1013–14 (8th Cir. 2000); *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006).[2] Here, because there was substantial evidence in the record that Pemberton was responding to treatment, the ALJ was not required to accept Dr. Allen's suggestions to the contrary.

Pemberton also points us to Dr. Allen's observation that Pemberton "was not considered employable." Pemberton Br. 34. Though Pemberton concedes that whether she is employable is "ultimately a vocational question," not a medical opinion, she argues that it "suggests that [Dr. Allen] believed [she had] serious continuing problems with her right arm and that her arm had not responded to treatment." *Id.* We agree that the statement is not controlling. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). We also acknowledge that Pemberton suffered from pain and numbness in her right arm and that she may have healed slowly following surgery. But, like the district court, we conclude that substantial evidence supports the RFC.

We find that the ALJ's decision is supported by substantial evidence and affirm the district court's judgment.

_____

_____

[2] Pemberton filed her disability insurance application in June 2015. Since then, the Social Security Administration has adopted new regulations about the weight afforded to treating physicians' opinions, but those regulations only apply to claims filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c.