# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-3080

_____

Heather J. Sweeter

*Plaintiff - Appellant*

v.

Frank Bisignano,[1] Commissioner of Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: June 10, 2025
Filed: September 17, 2025
[Unpublished]

_____

Before LOKEN, ERICKSON, and KOBES, Circuit Judges.

_____

---

[1]Frank Bisignano is substituted as respondent under Federal Rule of Appellate Procedure 43(c)(2).

PER CURIAM.

Heather J. Sweeter appeals the magistrate judge's[2] order affirming termination of her disability insurance benefits.  We affirm.

The Commissioner of the Social Security Administration found that Sweeter was disabled in September 2013 based on her asthma, diabetes, and chronic back pain.  Following a continuing disability review in July 2017, the Commissioner found she was no longer disabled.  Sweeter requested a hearing before an administrative law judge (ALJ), where a doctor testified that Sweeter could now perform "light work."  See 20 C.F.R. § 404.1567(b).  But when Sweeter's counsel questioned the doctor, he said that he had not seen evidence in the record that her conditions had improved.  After reviewing the record, the ALJ found that Sweeter had medically improved, could perform light work subject to postural and environmental limitations, and concluded she was no longer disabled.

Sweeter sought review in federal district court, which held that the ALJ failed to follow the sequential analysis prescribed for continuing disability review.  See Dixon v. Barnhart, 324 F.3d 997, 1000–01 (8th Cir. 2003) (outlining steps); 20 C.F.R. § 404.1594(f).  On remand, a different ALJ concluded that Sweeter was no longer disabled.  Sweeter sued in federal district court again, raising the same arguments.  This time the court granted the Commissioner's motion for judgment on the administrative record.  Sweeter appeals.  We review the district court *de novo* and will affirm if the ALJ's decision is free of legal error and supported by "substantial evidence on the record as a whole."  Kraus v. Saul, 988 F.3d 1019, 1023–24 (8th Cir. 2021) (standard of review).

Sweeter first argues that the ALJ's finding of medical improvement under step three of the continuing disability review is not supported by substantial evidence on

[2]The Honorable Douglas L. Micko, United States Magistrate Judge for the District of Minnesota, to whom this case was referred for final disposition by consent of the parties under 28 U.S.C. § 636(c).

the record as a whole. We disagree. The ALJ based his finding on a comparison of Sweeter's condition in 2017 with her condition in 2013. See Delph v. Astrue, 538 F.3d 940, 945 (8th Cir. 2008). As required, he identified improvements in "symptoms, signs or laboratory findings associated with [her] impairment(s)." 20 C.F.R. § 404.1594(c)(1); see also § 220.113 (defining terms). In 2013, Sweeter had reduced range of motion and sensitivity throughout the spine, severe back pain that had required trips to the emergency room, and spinal abnormalities. By August 2017, her gait and reflexes were normal, her back pain was stable, and her spinal examinations were largely normal. Her asthma was no longer severe, and her diabetes was under control. The ALJ's finding falls within the "available zone of choice." Kraus, 988 F.3d at 1024 (citation omitted).

Nevertheless, Sweeter argues that the ALJ's finding was a "strictly medical determination[]" and "especially egregious" because it conflicted with the doctor's testimony at the first hearing. See Willcockson v. Astrue, 540 F.3d 878, 881 (8th Cir. 2008) ("[T]he ALJ is not qualified to give a medical opinion."). But it was the ALJ's responsibility—not the doctor's—to decide whether there was medical improvement under § 404.1594(f)(3). See Delph, 538 F.3d at 945–46. The ALJ properly discounted the doctor's unelaborated opinion where there was substantial evidence in the record as a whole that Sweeter's conditions had improved. Pemberton v. Saul, 953 F.3d 514, 517 (8th Cir. 2020).

Sweeter next argues that the ALJ failed to follow the eight-step continuing disability review process. Hill v. Colvin, 753 F.3d 798, 801 (8th Cir. 2014) ("An ALJ commits legal error if [he] fails to follow the sequential evaluation process."). She claims that the ALJ's explanation for discounting the doctor's opinion about medical improvement relied on the doctor's testimony about Sweeter's residual functional capacity,[3] so the ALJ "jumped ahead" to step four to "justify a finding of medical improvement" at step three.

---

[3]Residual functional capacity is "the most a claimant can still do despite his or her physical or mental limitations." Martise v. Astrue, 641 F.3d 909, 923 (8th Cir. 2011) (citation omitted).

Again, we disagree. The ALJ clearly identified and addressed each step of the continuing disability review process in order. <u>See</u> <u>Pense v. Barnhart</u>, 142 F. App'x 954, 955 (8th Cir. 2005) (per curiam). He discussed the doctor's testimony only after finding medical improvement based on substantial record evidence. To the extent that the ALJ bolstered that finding with more evidence at step four, we find no error, let alone reversible error. <u>See</u> <u>Johnson v. Apfel</u>, 240 F.3d 1145, 1149 (8th Cir. 2001) ("Any arguable deficiency, which we do not find, in the ALJ's opinion-writing technique does not require this Court to set aside a finding that is supported by substantial evidence.").

Affirmed.

_____